

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:

Opinion No. 0-4771
Re: Commissioners' Court has
no authority to lease
county road machinery to
private contractor for
the purposes stated.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Article 2351, R. S., provides as one of the powers of the Commissioners' Court that they lay out and establish public roads and highways.

"The powers of the Commissioners' Court are only those expressly or impliedly conferred upon them by the Constitution and Statutes of the State. 11 Tex. Jur. 564 (Sec. 37).

"The jurisdiction of the Commissioners' Court is limited to 'county business', but it is held that that term should be given a broad and liberal construction so as not to defeat the purposes of the law. 11 Tex. Jr. 535 (Sec. 38).

"Under Section 5, Article 165a, Chapter 337, page 771, Acts 1935, 44th Legislature, there was conferred upon the Commissioners' Court of the

several counties the authority to provide for
the construction of improvements on lands lying
within their counties in the nature of farm
terraces, etc.

"Under H. B. 494, General and Special Laws
of Texas, 47th Legislature, 1941, page 604, the
Commissioners' Court is given the power to rent
to land-owners road machinery for the construc-
tion of terraces, etc., in counties of a popula-
tionfrom 60,000 to 80,000; and under Article 165
a-5, R. S., this same power is given in counties
containing 290,000 to 320,000; and under Article
165 a-6, R. S., the same power is given to the
Commissioners' Court of counties with a population
of 320,000 to 360,000.

"It thus appears that the legislative con-
struction of the powers of the Commissioners' Court
is that the Commissioners' Court does not have any
power to grant or bargain the use of road machinery
for any private purposes, but the same can be used
only in the maintenance and construction of public
roads.

"During the war emergency, in the construction
of airports and other public facilities, request
has been made by contractors of the County Commis-
sioners' Court for the use of road machinery be-
longing to the county under contract providing for
adequate compensation for such use.

"It may be assumed, at least for the period
of the emergency, that road machinery now on
hand must last the counties until the emergency
is over and that if the same is worn out on other
projects other than the county road system that
the county may be left without any machinery with
which to work the roads.

"I should like to ask you the following questions:

"(a) Does the County Commissioners' Court have the power to make a rental contract with a private contractor engaged in government work for the use of road machinery on such work?

"(b) Does the Commissioners' Court have the power to make a contract with a private contractor for the use of its road machinery to be shipped out of the State of Texas and used in construction work?"

Under the authorities cited in Opinions No. 0-2034 and 0-3228 of this department, copies of which are enclosed herewith for your information we answer each of your questions in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:LBR

APPROVED AUG 28, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY